**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**GERALD MARSZALEK,**

        Plaintiff,

                                 Case No. 09-12955

v

                                 Hon. David M. Lawson

**IMAD FADLALLAH**, individually and
in his official capacity as Principal of
Dearborn Fordson High School, and
**DEARBORN PUBLIC SCHOOLS**,

        Defendants.

_____/

HOWARD E. GURWIN (P25179)
HOWARD E. GURWIN, P.C.
Attorney for Plaintiff
645 Griswold Street
Suite 3080 Penobscot Bldg.
Detroit, MI 48226
(313) 963-2727

LOUIS GALINSKY (P24067)
Co-Counsel for Plaintiff
Rosenbaum, Bloom, Meyerson & Galinsky, P.C.
645 Griswold Street
Suite 3080 Penobscot Bldg.
Detroit, MI 48226
(313) 961-1003

_____/

## FIRST AMENDED COMPLAINT and DEMAND FOR JURY TRIAL

    Now Comes the Plaintiff, GERALD MARSZALEK, by and through his attorneys

HOWARD E. GURWIN, P.C. and ROSENBAUM, BLOOM, MEYERSON & GALINSKY,

P.C., and for his First Amended Complaint filed as a matter of right, states as follows:

## JURISDICTION AND VENUE

1.    This action presents various constitutional, statutory, and common law claims arising under the First and Fourteenth Amendments to the United States Constitution, the Michigan Constitution of 1963, 42 U.S.C. §1983, and the Elliot-Larsen Civil Rights Act. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §1331 and §1343. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

2.    Plaintiff's claims for equitable, declaratory, and injunctive relief are authorized pursuant to 28 U.S.C. §2201 and §2202, 42 USC §1983, Rules 57 and 65 of the Federal Rules of Civil Procedure, and the general legal and equitable powers of this Court.

3.    Pursuant to 42 U.S.C. §1983 and other applicable law, this Court is justified to award nominal, compensatory and punitive damages and equitable relief against Defendant Imad Fadlallah, in his individual capacity, and against the Defendant Dearborn Public Schools for the past and ongoing violations of Plaintiff's constitutional rights and the harm caused by his actions.

4.    This Court is justified to award reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. §1983, the Elliot-Larsen Civil Rights Act, and other applicable law.

5.    Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391 because all Defendants reside within this district and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PLAINTIFF

6.    Plaintiff Gerald Marszalek (hereinafter referred to as "Marszalek") is a teacher who served Dearborn Public Schools for over three decades as an educator and coach. At all relevant times herein, Plaintiff Marszalek was a member of a class of protected persons under 42 U.S.C. §1983 and the Elliott-Larsen Civil Rights Act of Michigan.

## DEFENDANTS

7.    Defendant Dearborn Public Schools ("School District") is located in Dearborn, Michigan. The School District is a public entity established and organized under the laws of Michigan, with the authority to sue and be sued in its own name. The School District is charged with the operation of the public schools within the district, including Dearborn Fordson High School ("Fordson"), and promulgates the policies, practices, customs and usages in furtherance thereof. At all relevant times herein, the School District was a "person" acting under the color of state law pursuant to 42 U.S.C. § 1983 and an "employer" pursuant to the Elliott-Larsen Civil Rights Act of Michigan.

8.    Defendant Imad Fadlallah ("Fadlallah"), at all relevant times herein, was the Principal of Fordson. Defendant Fadlallah is responsible for creating, adopting, and implementing School District policies, practices, customs and usages. At all relevant times

3

herein, for purposes of the Constitutional claims, Defendant Fadlallah was acting in the scope of his employment and under color of State law. Defendant Fadlallah is sued individually and in his official capacity and in combination and consort with Defendant Dearborn Public Schools.

## COMMON ALLEGATIONS

9.    Plaintiff hereby incorporates by reference all above-stated paragraphs.

10.    From 1973 to 2008, Plaintiff Marszalek was a legendary high school wrestling coach at Fordson, earning more than 450 wins and sending numerous wrestlers to various collegiate programs. Plaintiff Marszalek was elected to the Michigan Wrestling Association Hall of Fame, was awarded the "25 Year Distinguished Service Award" by the National Wrestling Coaches Association, and was named the "Sportsman Of The Year" by the All-American Athletic Association.

11.    In 2005, Plaintiff's three assistant coaches at Fordson were twenty-two year assistant coach Jon Smuk ("Smuk"), assistant coach Ralph Hargraves, and volunteer coach Trey Hancock ("Hancock"). Hancock is the father of Paul Hancock, a Fordson student and State champion wrestler and was at all relevant times hereto an ordained Christian minister active in the East Dearborn community.

12.    Defendant Fadlallah is aware that Hancock is a minister and practicing Christian and that Plaintiff Marszalek, Smuk, and Hancock were all friends and fellow practicing Christians.

13.    Defendant Fadlallah is a devout and practicing Muslim.

14.    In the fall of 2005, Jeff Stergalas, an employee and agent of the Defendant School District, who was then Fordson's Boy's Athletic Director, informed Plaintiff Marszalek that "on orders from Principal Fadlallah", Hancock, "despite five years of loyal service as a volunteer wrestling coach," was "to be terminated as a volunteer wrestling coach at Fordson and not allowed to associate with the team." Stergalas informed Plaintiff that the termination of Hancock was for religious reasons as the result of activities unrelated to and outside of school.

15.    Defendant Fadlallah, acting officially as Fordson's Principal, terminated Hancock's status as a wrestling coach because of Hancock's Christian beliefs and because Fadlallah believed that one of the Muslim students who attended Fordson had independently chosen to be baptized Christian by Hancock.

16.    Defendant Fadlallah informed Hancock that he had determined that Hancock had "used your position as a vehicle for transmitting your faith to the students under your supervision." Defendant Fadlallah then threatened Hancock: "Your communication with any of the students must be extremely limited. Please note that I would like to keep this matter under strict confidentiality. If this issue is leaked to the community, I cannot stop the adverse reaction that it will cause."

17.    Defendant Fadlallah, a Muslim who was angry that a Christian minister was serving as a coach at Fordson, despite the fact that Hancock had never proselytized while volunteering at Fordson, terminated Hancock as a wrestling coach because of his Christian beliefs which Defendant Fadlallah had deemed inconsistent with his own Muslim beliefs.

18.    Subsequently, in full view of students and faculty, Defendant Fadlallah approached a young Fordson student who had chosen to be baptized a Christian by Hancock at a Labor Day church outing, unconnected to school, punched the student, and Fadlallah then advised the student that he had "disgraced his family" by converting to Christianity from Islam. Defendant Fadlallah later chuckled about the incident with another Muslim Fordson parent and later opined that "as if it were that easy to stop being a Muslim," or words to that effect.

19.    Defendant Fadlallah, being upset because of Plaintiff Marszalek's Christian beliefs and association with Hancock, would not allow Plaintiff Marszalek to submit an application to be the wrestling coach for the 2006 wrestling season. Plaintiff Marszalek was informed and believes that Jeff Stergalas had been told to fire Plaintiff and that Stergalas refused, as this was not part of his job. Further, no application was made available to Plaintiff to apply to be the wrestling coach for the 2006 wrestling season despite requests made by Plaintiff to the Athletic Department of the Defendant School District.

20.    Despite Defendants School District's and Fadlallah's policy that Plaintiff Marszalek was not allowed to apply for Fordson's head wrestling coach position, Plaintiff Marszalek, who in accordance with Defendant Fadlallah's orders had been refused a written application by Defendant School District, hand-wrote an application using a pen and paper and turned it into Defendant School District for consideration. The application was given to Jeffrey Stergalas who immediately took it to Defendant Fadallah.

6

21.    Subsequently, Plaintiff Marszalek was informed by Stergalas that Fadallah had "changed his mind" and "decided to allow him to continue as Fordson's head wrestling coach," or words to that effect. Defendant Fadlallah then informed Plaintiff Marszalek of his mandate that Hancock, because of his religious beliefs, was not allowed to enter Fordson and that Plaintiff Marszalek must actively enforce Defendant Fadlallah's policy banning Hancock from Fordson. Defendant Fadlallah then admonished Plaintiff Marszalek that "I am giving you a directive to keep Hancock out of the building. You understand what a directive is, right?" or words to that effect. Defendant Fadlallah did not want Plaintiff Marszalek to associate with Hancock or allow him into Fordson because Hancock is a practicing Christian who holds sincere religious beliefs that Defendant Fadlallah disagrees with.

22.    Defendant Fadlallah then expanded his mandate to Plaintiff Marszalek now barring him from mentioning Hancock, or his independent wrestling club "One on One," and that despite Hancock's son currently being an All State wrestler on Fordson's team, Hancock's existence was not to be acknowledged at wrestling meets. Defendant Fadlallah then banned the entire Hancock family from even helping out at school concession stands during events. Defendant Fadlallah issued his mandates to Plaintiff Marszalek regarding Hancock because as a Muslim, he disagreed with Hancock's Christian beliefs, practices, expressions and associations.

23.    In March 2007, assistant coach Smuk, who was a Christian, tragically died while coaching for Fordson at the Michigan State Finals wrestling tournament. Even though Smuk died at a school function, Defendant Fadlallah refused to acknowledge his passing, refused to make mention of it to the Fordson wrestling team, Plaintiff Marszalek, or Smuk's widow, and treated Smuk's passing with smug disdain.

24.    Defendant Fadlallah's despicable actions related to the death of Smuk and his disdain for his friends and family, including Plaintiff Marszalek, are based upon their Christian beliefs and association with other practicing Christians because they conflict with Defendant Fadlallah's Muslim beliefs.

25.    On or about Thanksgiving Day 2007, Defendant Fadlallah verbally attacked Plaintiff Marszalek shouting "I thought I told you to keep Trey Hancock out of Fordson," or words to that effect. Plaintiff Marszalek, unaware that Hancock had been in Fordson, questioned Defendant Fadlallah about the circumstances as well as his authority to ban the parent of a Fordson student from Fordson High School. Defendant Fadlallah then threatened Plaintiff that if he failed to keep Hancock out of Fordson that: "I can get crazy if I have to!" "I get Crazy!" "You don't know how crazy I can get!" Hancock had been in Fordson earlier that day to sign his student son up and pay for his participation in a Fordson "pay to play" sports program, as per instruction.

26.    During this same time frame, with Defendant Fadlallah's knowledge and approval, Fordson had, and continues to have, a very public policy of allowing student

athletes to recite Muslim prayers before, during, and after school-sanctioned athletic events. Despite his objections, sanctioning, and banning what he believes to be Christian religious activity, expression, and practice at *non-school sponsored summer activities*, Defendant Fadlallah promotes, sponsors, facilitates, and fosters Muslim religious activity, expression, and participation, including and prayer at *school-sanctioned events*. Local and national periodicals have written articles substantiating these practices.

27.    Defendant Fadlallah, acting under color of State law, promotes Muslim religious activity and expression while prohibiting Christian religious activity and expression, thereby treating similarly situated individuals differently without any legal or rational justification or excuse, thereby discriminating against certain individuals because of their religious beliefs and associations, thereby violating the establishment clause of the U.S. Constitution, as well as the corresponding clauses of the Michigan Constitution.

28.    After the 2007 - 2008 wrestling season concluded, Plaintiff Marszalek was informed by the Boys Athletic Director Chuck Silver ("Silver"), an agent of Defendant School District, that Defendant Fadlallah had decided he would not allow Plaintiff Marszalek to return in any capacity to coach Fordson's wrestling team the following season. Defendant Fadlallah again instructed Silver and the Girls' Athletic Director Mark Shooshanian to refuse to accept any application from Plaintiff Marszalek to be Fordson's wrestling coach. Defendant Fadlallah informed Silver that he wanted Plaintiff Marszalek: "Gone. I want him gone. No appeal."

29.    Defendant Fadlallah's actions and termination of Plaintiff Marszalek as Fordson's wrestling coach were based upon Plaintiff Marszalek's Christian religious beliefs and association with Hancock and other Christians, and were done with the knowledge and approval of Defendant School District.

30.    Defendant Fadlallah interfered with Plaintiff's Marszalek's position as Forsdon's head wrestling coach and his continued employment as such for Defendant Fadlallah's personal gain and interests and in order to advance Defendant Fadlallah's own personal religious beliefs.

31.    Subsequently, Plaintiff Marszalek informed Defendants that he intended to fight for his job at a School Board meeting to be held on April 28, 2008.

32.    On the afternoon of April 28, 2008, a meeting was held at the home of Board Member Ralph Donelson. Also in attendance were administrative union president Larry Simon, then parent teacher organization president Hussein Berry, Superintendent Jon Artis, and Defendant Imad Fadallah. Plaintiff was present. Plaintiff was advised that in recognition of his distinguished Hall of Fame career, that a wrestling room would be named after him, with formal dedication to take place and a party thrown in his honor. Plaintiff was advised that said dedication and the naming of the wrestling room were conditioned upon Plaintiff withdrawing any complaints before the school board for the meeting scheduled that evening. At said meeting, Plaintiff was told that it was going to get very ugly at the school board meeting, and we will have people there ready to attack your character". Defendant Fadallah then indicated he wanted to hear "nothing more" from Plaintiff Marszalek

regarding this firing, and informed him "you need to understand that we are divorced". Defendant used the term "divorce" as a symbolic binding religious declaration similar to that used by male Muslims orally seeking to terminate their marriage. Plaintiff decided not to attend the April 28, 2008 meeting of the Dearborn School Board and to reflect upon the offer and ultimatum given to him.

33.     After careful consideration, Plaintiff Marszalek attended the next regularly recurring School Board meeting on May 12, 2008 to seek redress from the outrageous actions and policies of Defendants School District and Fadlallah. At this meeting Defendants School District and Fadlallah made good on their threats and publicly disseminated false and defamatory impressions about Plaintiff Marszalek thereby destroying his good name in the community and foreclosing any chance he had to practice his profession as Fordson's head wrestling coach.

34.     Defendant School District's termination policy, practices, and enforcement of same are unconstitutionally vague because they allow for the punishment of religious beliefs, expression, and associations based upon subjective assessments made under impermissibly vague standards of determining which beliefs, exercise, expression and associations are acceptable in the judgment of the Defendants School District and Fadlallah.

35.     Defendant School District's and Fadlallah's policy and practices are unconstitutionally overbroad because they reach more broadly than reasonably necessary to protect legitimate state interests at the expense of protected individual rights.

36.    Defendant School District's termination policy and practices grant unbridled discretion to Defendants School District and Fadlallah and school officials in the censorship of religious beliefs, expression, and associations because they provide no guidelines or standards for their enforcement or the application of their terms, permitting enforcement by Defendants School District and Fadlallah based upon subjective determinations as to which religious beliefs, expression, and associations are acceptable and which are not.

37.    Defendants School District's and Fadlallah's actions have had a chilling effect and placed a substantial burden on Plaintiff Marszalek's rights to freely exercise his religion, express himself, and expressive association in violation of the United States and Michigan Constitutions. Thereby, Defendants School District and Fadlallah have restricted Plaintiff's religious exercise, expression, and expressive association in violation of the United States and Michigan Constitutions.

38.    Defendants School District and Fadlallah orally informed Plaintiff Marszalek that he was terminated from his position as Fordson's head wrestling coach, that they would not accept any application from him to fill said position, and that they had decided to appoint the assistant Fordson wrestling coach, Ralph Hargraves, as the head wrestling coach in place of Plaintiff Marszalek for the 2008 - 2009 wrestling season. Mr. Hargraves never applied for this position but merely applied for the position of an Assistant Coach on the wrestling team.

39. Defendants School District and Fadlallah informed Plaintiff Marszalek that he was fired and no longer allowed to be Fordson's head wrestling coach because of his association with Hancock and his inability to enforce Defendant Fadlallah's nonsensical edict, grounded in his religious beliefs, which required Plaintiff Marszalek was to ensure that Hancock did not enter Fordson.

40. Defendant Fadlallah, aware that Plaintiff Marszalek had, despite his orders barring him from doing so, had submitted a hand-written application for consideration as Fordson's 2006 wrestling coach, took pro-active measures for the 2008-2009 wrestling season to ensure that Plaintiff Marszalek was not allowed to apply for the Fordson wrestling coach's position. Defendant Fadlallah sought out all Athletic Directors from Defendant School District and instructed them that Plaintiff Marszalek was prohibited from applying for or selection as Fordson's wrestling coach. The Athletic Directors protested, citing Plaintiff Marszalek's three decades of service, and informed Defendant Fadlallah that Plaintiff Marszalek "is retiring after this year and just wants one more year," or words to that effect. Defendant Fadlallah shouted "No! I don't care! I want him gone!" or words to that effect.

41. Defendants School District's and Fadlallah's treatment of Plaintiff Marszalek and their refusal to consider him as Fordson's head wrestling coach stands in stark contrast with their treatment and hiring of Hargraves for the same position and constitutes disparate treatment of similarly situated individuals because of Plaintiff's

association with Hancock, the Christian minister.  Defendants School District's and Fadlallah's actions violated Equal Protection, Due Process, and other applicable law.

42.    Defendants School District's and Fadlallah's actions terminating Plaintiff Marszalek's employment as Fordson's head wrestling coach and their actions in refusing to consider him for re-hiring into that position were done without Due Process of law.

43.    Defendants School District's and Fadlallah's actions, treatment, and firing of Plaintiff were done in retaliation for his religious beliefs, expression, and his association with individuals of his own choosing.

44.    Although at the May 12, 2008  Dearborn School Board  meeting, Plaintiff Marszalek requested a formal inquiry into Defendants School District's and Fadlallah's actions regarding his termination and failure to be re-hired as Fordson's head wrestling coach,  the Defendant School District failed to honor Plaintiff Marszalek's request and conducted no formal inquiry or hearing into his termination.

45.    Defendant Fadlallah, since assuming duties as Fordson's principal in 2005, has systematically weeded out Christian teachers, coaches, and employees, and has terminated, demoted, or reassigned them because of their Christian beliefs, expressions,  and associations.  Defendant Fadlallah acts in this manner because Christian beliefs are inconsistent with his personal Muslim beliefs and has imposed and promoted a form of Islamic religious law at school activities.

46.    Defendant Fadlallah has publicly stated "he sees Dearborn Fordson High School as a Muslim school, both in students and faculty, and is working to that end," or words to that effect.

47.    Defendant School District's and Fadlallah's actions have devastated and ruined Plaintiff Marszalek's life. Plaintiff Marszalek's life, and that of his loving wife of 40 years, was Fordson wrestling, and his ouster by Defendants School District and Fadlallah, as well as the statements they subsequently disseminated about him, have forced him into a life of reclusive anxiety and humiliation.

48.    Plaintiff Marszalek, a Hall of Fame coach with thirty-five years of service to Fordson, was unceremoniously terminated from his position by Defendants School District and Fadlallah because he is a Christian, because of his expression, and because of his associations. Defendant School District's and Fadlallah's outrageous actions outlined herein constitute an affront to justice and Plaintiff Marszalek must be vindicated.

49.    Defendant Fadlallah has engaged in a pattern of practice of improper, illegal and unconstitutional conduct as set forth herein in violation of the constitutional rights of citizens, and in each instance has involved one of the following acts:  hiring or failing to rehire employees because of religious beliefs, violating rights of freedom of expression, freedom of association, equal protection and due process, and promoting religious beliefs of one religion over the other.

50.    That the pattern and practice of Defendant Fadlallah in his conduct as set forth above is wide spread and well known in the community, yet the Defendant School District did nothing to stop these practices.   Plaintiff had a right to be protected from intentional and wrongful conduct by Defendant Fadlallah and Defendant School District which resulted in injuries to the Plaintiff and in violation of Plaintiff's civil rights.

51.    Defendants had a duty to Plaintiff under the United States Constitution, and the Federal Civil Rights Laws, specifically including 42 USC §1983, and the 4th, 5th and 14th Amendments to the United States Constitution as well as applicable sections of the Michigan Constitution, to refrain from acting or failing to act so as to violate Plaintiff's civil rights.

52.    Each of the Defendants breached its duties to the Plaintiff and violated Plaintiff's civil rights by their actions and omissions and failures to act as pled herein, and further, both Defendants had both the duty and the power to prevent or aid in the prevention of the commission of said wrongful acts against the Plaintiff and prevent the violation of Plaintiff's civil and constitutional rights, but neglected and refused to do so.

53.    That it was the policy, practice, custom and usage of Defendant School Board to encourage, tolerate, acquiesce and ratify violations of the civil rights of persons by conduct and inactions which were grossly negligent and/or deliberately indifferent to the civil rights of persons and constitutional violations committed by Defendant Fadlallah and adopting, ratifying or implementing such policy, practice, custom or usage, and which conduct and inactions include, but are not limited to:

(a)   the Defendant School Board's failure to correct unconstitutional conditions and practices;

(b)   failure to adequately and properly investigate the employment history and background and fitness of principal Fadlallah;

(c)   failure to take disciplinary action against principal Fadallah for his violation of employees' civil rights;

(d)   allowing a pervasive and established pattern of constitutional as well as statutory violations to become a de facto policy by failing to take action against same or prevent same.

54.   As a direct and proximate result of Defendants School District's and Fadlallah's unlawful actions, Plaintiff Marszalek has sustained injuries and damages including but not limited to loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

55.   That the policy, practice, custom and usage of Defendant School Board and its conduct and inactions, was a proximate cause of the violations of Plaintiff's civil rights and of the injuries and damages to the Plaintiff set forth herein.

56.   That Plaintiff had a right to be protected from the wrongful conduct by Defendant School Board which conduct resulted in injuries and damages to the Plaintiff as set forth herein.

## FIRST CLAIM FOR RELIEF
### Free Exercise—First Amendment
### (42 U.S.C. § 1983)
### (Defendant School District and Defendant Fadlallah)

57.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

58.    By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of State law, Defendants School District and Fadlallah have deprived Plaintiff Marszalek of his right to religious exercise in violation of the Free Exercise Clause of the First Amendment as applied to the States and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

59.    Defendants School District and Fadlallah further violated Plaintiff Marszalek's right to religious exercise by targeting Plaintiff Marszalek for discriminatory and arbitrary enforcement of its policies, practices, custom and usage on account of Plaintiff Marszalek's religious practices and beliefs.

60.    As a direct and proximate result of Defendants School District's and Fadallah's violation of the Free Exercise Clause of the First Amendment, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations of this Complaint.

## SECOND CLAIM FOR RELIEF
### Freedom of Speech—First Amendment
### (42 U.S.C. § 1983)
### (Defendant School District and Defendant Fadlallah)

61.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

62.    By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of State law, Defendants School District and Fadlallah have deprived Plaintiff Marszalek of his right to religious expression in violation of the Free Speech Clause of the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

63.    As a direct and proximate result of Defendants School District's and Fadlallah's violation of the First Amendment, Plaintiff has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations of this Complaint.

## THIRD CLAIM FOR RELIEF
### Freedom of Expressive Association—First Amendment
### (42 U.S.C. § 1983)
### (Defendant School District and Defendant Fadlallah)

64.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

65.    By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of state law, Defendants School District and

Fadlallah have deprived Plaintiff Marszalek of his right to expressive association guaranteed by the First Amendment as applied to the states and their political subdivisions under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

66. As a direct and proximate result of Defendants School District's and Fadlallah's violation of the First Amendment, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations of this Complaint.

**FOURTH CLAIM FOR RELIEF**
**Equal Protection—Fourteenth Amendment**
**(42 U.S.C. § 1983)**
**(Defendant School District and Defendant Fadlallah)**

67. Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

68. By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of state law, Defendants School District and Fadlallah have deprived Plaintiff Marszalek of the equal protection of the law guaranteed under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 by discriminating against Plaintiff Marszalek in the application of their acts, policies, practices, custom and usage, and omissions on account of Plaintiff Marszalek's exercise of his religion, his speech, and his associations, thereby treating Plaintiff Marszalek on less than equal terms. Defendants School District and Fadlallah targeted Plaintiff for discriminatory and arbitrary treatment on account of Plaintiff Marszalek's religion, speech, and associations, thereby infringing upon Plaintiff

Marszalek's fundamental rights. Defendants School District and Fadlallah have treated Plaintiff Marszalek differently than other similarly situated individuals based upon his religion, expression, and association, thereby infringing on Plaintiff Marszalek's fundamental rights.

69.    As a direct and proximate result of Defendants School District's and Fadlallah's violation of the Equal Protection Clause of the Fourteenth Amendment, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations in this Complaint.

## FIFTH CLAIM FOR RELIEF
### Due Process—Fourteenth Amendment
### (42 U.S.C § 1983)
### (Defendant School District and Defendant Fadlallah)

70.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs

71.    As a direct and proximate result of the aforementioned acts, policies, practices, custom and usage, and omissions, engaged in under the color of State law, Defendants School District and Fadlallah have violated Plaintiff Marszalek's clearly established Due Process rights guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions under the Fourteenth Amendment, and 42 U.S.C. § 1983, in that Defendants School District's and Fadlallah's policies are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of school officials, thereby allowing Defendants School District and

Fadlallah unbridled discretion to enforce and apply said policies in an *ad hoc* and discriminatory manner.

72.    Defendants School District and Fadlallah, municipal actors, caused in fact to be publicly disseminated false, defamatory, and stigmatizing information about Plaintiff Marszalek, absent notice and an opportunity to be heard, in violation of his liberty interests and in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

73.    As a direct and proximate result of Defendants School District's and Fadlallah's violation of the Due Process Clause of the Fourteenth Amendment, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations in this Complaint.

## SIXTH CLAIM FOR RELIEF
### Establishment Clause - First Amendment
### (42 USC §1983)
### Defendant School Board and Fadlallah

74.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

75.    By reason of the afore-mentioned policy, practice, custom and usage, acts and omissions, engaged in under color of state law, Defendants School District and Fadlallah preferred one religion over that of another depriving Plaintiff Marszalek of his rights of religious freedom in violation of the establishment clause of the First

Amendment as applied to the states and their political subdivisions under the 14th Amendment to the United States Constitution and 42 USC §1983.

76.    Defendants School District and Fadallah further violated Plaintiff Marszalek's rights to religious exercise and freedom of religion and enforcement of its policies, practices, custom and usage on account of Plaintiff's religious practice and beliefs.

77.    As a direct and proximate result of Defendant School District and Fadallah's violation of the establishment clause of the First Amendment, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations of this Complaint.

**SEVENTH CLAIM FOR RELIEF**
**Religious Discrimination/Equal Protection—Michigan Constitution**
**(Mich. Const. 1963, Art. 1, Sec. 2)**
**(Defendant School District and Defendant Fadlallah)**

78.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

79.    By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of State law, Defendants School District and Fadlallah have discriminated against Plaintiff Marszalek on account of his religion and have denied Plaintiff Marszalek the equal protection of the laws on account of his religion and religious practices in violation of Article 1, Section 2 of the Michigan Constitution.

80.    As a direct and proximate result of Defendants School District's and Fadlallah's violation of the Michigan Constitution, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations in this Complaint.

## EIGHTH CLAIM FOR RELIEF
### Free Exercise—Michigan Constitution
### (Mich. Const. 1963, Art. 1, Sec. 4)
### (Defendant School District and Defendant Fadlallah)

81.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

82.    By reason of the aforementioned policy, practice, custom and usage, acts and omissions, engaged in under color of state law, Defendant School District and Fadlallah have deprived Plaintiff Marszalek of his right to the free exercise of religion in violation of Article 1, Section 4 of the Michigan Constitution.

83.    As a direct and proximate result of Defendants School District's and Fadlallah's violation of the Michigan Constitution, Plaintiff Marszalek has suffered irreparable harm, including the loss of his constitutional rights, entitling him to declaratory and injunctive relief and damages as set forth in the common allegations in this Complaint.

## NINTH CLAIM FOR RELIEF
### Elliot-Larsen Civil Rights Act
### (MCL 37.2101 et seq.)
### (Defendant School District and Defendant Fadlallah)

84.    Plaintiff Marszalek hereby incorporates by reference all above-stated paragraphs.

85.  At all relevant times, Plaintiff Marszalek and Defendants School District and Fadlallah were covered by and within the meaning of the Michigan Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq.

86.  Plaintiff Marszalek's religious beliefs, expressions, and associations were factors that made a difference in Defendant School District's and Fadlallah's decision to subject him to wrongful and discriminatory treatment as described herein.

87.  Defendant School District, through its agents, representatives, and employees, specifically including but not limited to Defendant Fadlallah, were predisposed to discriminate on the basis of religion, expression, and free association and acted in accordance with that predisposition.

88.  Had Plaintiff Marszalek been a Muslim or not associated with Christians he would not have been treated in the manner described above, and would have been considered, hired, or continued to be employed as Fordson's head wrestling coach.

89.  Defendant School District, through its agents, representatives, and employees, specifically including but not limited to Defendant Fadlallah, treated Plaintiff Marszalek differently from similarly situated Muslim employees and those not associated with Christians, based on unlawful consideration of religion, expression, and free associations.

90.  Defendant School District's and Fadlallah's actions were intentional, with reckless indifference and in disregard of Plaintiff Marszalek's rights and sensibilities.

91.    As a direct and proximate result of Defendants School District's and Fadlallah's unlawful actions, Plaintiff Marszalek has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity, loss of career opportunities, humiliation and embarrassment, mental anguish and emotional distress, loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice and incurred substantial liability for attorney fees.

92.    Plaintiff Marszalek's religious beliefs, expression, and associations were factors that made a difference in Defendants decision to refuse to consider, hire, or continue to employ Plaintiff as Fordson's head wrestling coach.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court:

A)    to enter judgment declaring that Defendants School District and Fadlallah have violated the United States Constitution as set forth in this Complaint;

B)    to enter judgment declaring that Defendants School District and Fadlallah have violated the Michigan Constitution of 1963 as set forth in this Complaint;

C)    to enter judgment declaring that Defendant School District's and Fadlallah's policies applied to Plaintiff Marszalek as outlined herein are unconstitutional on their face and unconstitutional as applied to Plaintiff Marszalek;

D)    to enjoin Defendant School District, their employees, agents, and successors in office, including but not limited to Defendant Fadlallah, from formulating, adopting,

implementing, and/or enforcing or threatening to enforce any act, policy, custom and usage, law, and/or decision having the effect of unlawfully preventing Plaintiff Marszalek from exercising his constitutional rights to freely exercise his religion, freedom of speech, and freedom of expressive association guaranteed under the United States and Michigan Constitutions;

E)    to award all appropriate damages, including nominal and compensatory damages, against all Defendants and punitive damages against Defendant Fadlallah in his individual capacity pursuant to applicable law.

F)    order that Defendant School District purge and clear Plaintiff Marszalek's employment record and any related records of any negative or unfavorable information related in any way to any matter set forth herein;

G)    order that Defendant School District re-instate or re-hire Plaintiff Marszalek as Fordson's head wrestling coach;

H)    order that Defendants School District and Fadlallah pay Plaintiff Marszalek full back pay;

I)    order that Defendants School District and Fadlallah pay Plaintiff Marszalek full front pay as well as provide him any applicable employment benefits for a reasonable period of time until Plaintiff Marszalek is either re-instated to his former position or awarded monetary damages in lieu of re-instatement;

J)    retain jurisdiction of this matter for the purpose of enforcing this Court's orders;

K)    to award Plaintiff Marszalek his reasonable attorneys' fees, costs and expenses pursuant to 42 U.S.C. § 1988, and the Elliot-Larsen Civil Rights Act  and other applicable law; and

L)    statutory costs; and

M)    to grant such other and further relief as this Court should find just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.


Respectfully Submitted,

/s/ Howard E. Gurwin
By:  Howard E. Gurwin (P25179)
HOWARD E. GURWIN, P.C.
Attorney for Plaintiff
645 Griswold, Suite 3080
Detroit, MI 48226
(313) 963-2727
heglaw@sbcglobal.net

/s/ Louis Galinsky
By:  Louis Galinsky (P24067)
Rosenbaum, Bloom, Meyerson & Galinsky,
Co-Counsel for Plaintiff
645 Griswold Street
Suite 3080 Penobscot Bldg.
Detroit, MI 48226
(313) 961-1003
lgalinsky@rosenbaumbloom.com

Dated:    November 9, 2009.