UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD MARSZALEK,

    Plaintiff,

v

                                         Case No. 09-12955
                                         Hon. David M. Lawson

IMAD FADLALLAH, individually
and in his official capacity as Principal of
Dearborn Fordson High School, and
DEARBORN PUBLIC SCHOOLS,

    Defendants.

---

HOWARD E. GURWIN (P25179)
HOWARD E. GURWIN, P.C.
Attorney for Plaintiff
645 Griswold Street
Suite 3080 Penobscot Building
Detroit, Michigan 48226
(313) 963-2727

LOUIS GALINSKY (P24067)
Co-Counsel for Plaintiff
Rosenbaum, Bloom, Meyerson
  & Galinsky, P.C.
645 Griswold Street
Suite 3080 Penobscot Building
Detroit, Michigan 48226
(313) 961-1003

CLARK HILL PLC
By:    Robert A. Lusk (P38122)
Attorney for Defendants
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
(248) 988-5847

---

## ANSWER TO FIRST AMENDED COMPLAINT

    Defendants, IMAD FADLALLAH and DEARBORN PUBLIC SCHOOLS, file this Answer to Plaintiff's First Amended Complaint.

    1.  Defendants admit Plaintiff's First Amended Complaint purports to allege constitutional and statutory claims. Defendants admit this Court has subject matter jurisdiction.

1

Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 1 and leave Plaintiff to his proofs.

2. Defendants admit Plaintiff's First Amended Complaint seeks equitable, declaratory and injunctive relief. Defendants deny Plaintiff is entitled to such relief.

3. Defendants admit Plaintiff's First Amended Complaint seeks nominal, compensatory and punitive damages. Defendants deny Plaintiff is entitled to such damages. Defendants further deny they have violated Plaintiff's rights, constitutional or otherwise, because the allegation is not true.

4. Defendants deny paragraph 4 because it is not true.

5. Defendants admit venue is properly laid in this Court. Defendants deny the remaining allegations in paragraph 5 because they are not true.

## PLAINTIFF

6. Defendants admit Plaintiff was employed by Defendant Dearborn Public Schools. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 6 and leave Plaintiff to his proofs.

## DEFENDANTS

7. Defendants admit Defendant Dearborn Public Schools is a general powers school district located in Dearborn, Michigan. Defendants also admit Defendant Dearborn Public Schools operates Dearborn Fordson High School. Defendants further admit the Board of Education of the Dearborn Public Schools enacts policies for Defendant Dearborn Public

Schools. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 7 and leave Plaintiff to his proofs.

8. Defendants admit Mr. Fadlallah is employed by Defendant Dearborn Public Schools as the Principal of its Dearborn Fordson High School. Defendants also admit Mr. Fadlallah is responsible, at Dearborn Fordson High School, for implementing the policies enacted by the Board of Education of the Dearborn Public Schools. Defendants deny Mr. Fadlallah creates or adopts policies, practices, customs or usages for the Board of Education of the Dearborn Public Schools or Dearborn Public Schools because the allegation is not true. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 8 and leave Plaintiff to his proofs.

## COMMON ALLEGATIONS

9. Defendants incorporate, by this reference, their responses to paragraphs 1 through 8 of Plaintiff's First Amended Complaint.

10. Defendants admit Plaintiff was the wrestling coach at Dearborn Fordson High School. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 10 and leave Plaintiff to his proofs.

11. Defendants admit that, during the 2005-2006 school year, Plaintiff was assisted by Mr. Smuk, Mr. Hargraves and Mr. Hancock. Defendants admit that Mr. Hancock is the father of Paul Hancock, who was a student at Dearborn Fordson High School and a state champion wrestler. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 11 and leave Plaintiff to his proofs.

12. Defendants lack sufficient information to either admit or deny paragraph 12 and leave Plaintiff to his proofs.

13. Mr. Fadlallah admits he is a Muslim. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 13 and leave Plaintiff to his proofs.

14. Defendants lack sufficient information to either admit or deny paragraph 14 and leave Plaintiff to his proofs.

15. Defendants admit Mr. Fadlallah prohibited Mr. Hancock from working with the wrestling team. Defendants deny the remaining allegations in paragraph 15 because they are not true.

16. Defendants admit that Mr. Hancock used his position with the wrestling program to proselytize students. Defendants also admit Mr. Fadlallah informed Mr. Hancock that "[his] communication with any of the students must be extremely limited. Please note that I would like to keep this matter under strict confidentiality. If this issue is leaked to the community, I cannot stop the adverse reaction that it will cause." Defendants deny the remaining allegations in paragraph 16 because they are not true.

17. Defendants deny paragraph 17 because it is not true.

18. Defendants deny paragraph 18 because it is not true.

19. Defendants admit Mr. Fadlallah was reluctant to permit Plaintiff to continue to act as wrestling coach during the 2006-2007 school year because Plaintiff disregarded Mr. Fadlallah's directive to prohibit Mr. Hancock from working with the wrestling team. Defendants deny Mr. Fadlallah refused to permit Plaintiff to submit an application to act as wrestling coach

4

during the 2006-2007 school year because the allegation is not true. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 19 and leave Plaintiff to his proofs.

20. Defendants admit Plaintiff submitted an application to act as wrestling coach during the 2006-2007 school year. Defendants deny there was a policy prohibiting Plaintiff from submitting an application to act as wrestling coach during the 2006-2007 school year because the allegation is not true. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 20 and leave Plaintiff to his proofs.

21. Defendants admit Mr. Fadlallah hired Plaintiff to act as wrestling coach during the 2006-2007 school year. Defendants also admit Mr. Fadlallah directed Plaintiff, several times, to prohibit Mr. Hancock from working with the wrestling team. Defendants deny Mr. Fadlallah's directive about Mr. Hancock had anything to do with the religion or religious beliefs of Mr. Fadlallah or Mr. Hancock because the allegations are not true.

22. Defendants deny paragraph 22 because it is not true.

23. Defendants admit Mr. Smuk died at the Michigan State Finals wrestling tournament in 2007. Defendants deny the remaining allegations in paragraph 23 because they are not true.

24. Defendants deny paragraph 24 because it is not true.

25. Defendants deny paragraph 25 because it is not true.

6188535.1 22111/131087

26. Mr. Fadlallah admits that he is aware that some students, Muslim and non-Muslim, pray before and during school and school-related events. Defendants deny the remaining allegations in paragraph 26 because they are not true.

27. Defendants deny paragraph 27 because it is not true.

28. Defendants admit Mr. Fadlallah did not permit Plaintiff to continue to act as wrestling coach after the end of the 2007-2008 school year. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 28 and leave Plaintiffs to their proofs.

29. Defendants deny paragraph 29 because it is not true.

30. Defendants deny paragraph 30 because it is not true.

31. Defendants admit Plaintiff informed Mr. Fadlallah he intended to appear at a Board of Education meeting on April 28, 2008 concerning his interest in continuing as wrestling coach. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 31 and leave Plaintiff to his proofs.

32. Defendants admit a meeting took place on April 28, 2008 at the home of Board of Education member Donelson. Mr. Fadlallah admits he wished to emphasize the finality of his decision about Plaintiff's service as wrestling coach and, further, admits he may have used a word such as divorce to express this thought. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 32 and leave Plaintiff to his proofs.

33. Defendants admit Plaintiff attended a Board of Education meeting on May 12, 2008 and, there, spoke of his desire to continue as wrestling coach. Defendants also admit

Plaintiff's statement was not well received. Defendants deny the remaining allegations in paragraph 33 because they are not true.

34. Defendants deny paragraph 34 because it is not true.

35. Defendants deny paragraph 35 because it is not true.

36. Defendants deny paragraph 36 because it is not true.

37. Defendants deny paragraph 37 because it is not true.

38. Defendants admit Mr. Hargraves was appointed to act as the head wrestling coach for the 2008-2009 school year. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 38 and leave Plaintiff to his proofs.

39. Defendants deny paragraph 39 because it is not true.

40. Defendants deny paragraph 40 because it is not true.

41. Defendants deny paragraph 41 because it is not true.

42. Defendants deny paragraph 42 because it is not true.

43. Defendants deny paragraph 43 because it is not true.

44. Defendants admit Defendant Dearborn Public Schools did not investigate Mr. Fadlallah's decision not to employ Plaintiff as a wrestling coach for the 2008-2009 school year. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 44 and leave Plaintiff to his proofs.

45. Defendants deny paragraph 45 because it is not true.

6188535.1 221111/131087

46. Defendants deny paragraph 46 because it is not true.

47. Defendants deny paragraph 47 because it is not true.

48. Defendants deny paragraph 48 because it is not true.

49. Defendants deny paragraph 49 because it is not true.

50. Defendants deny paragraph 50 because it is not true.

51. Defendants admit their duty to follow the constitutions and the laws of the United States and the State of Michigan. Defendants deny they violated the constitutions and laws of the United States or the State of Michigan because the allegations are not true.

52. Defendants deny paragraph 52 because it is not true.

53. Defendants deny paragraph 53 because it is not true.

54. Defendants deny paragraph 54 because it is not true.

55. Defendants deny paragraph 55 because it is not true.

56. Defendants deny paragraph 56 because it is not true.

## FIRST CLAIM FOR RELIEF

57. Defendants incorporate, by this reference, their responses to paragraphs 1 through 56 of Plaintiff's First Amended Complaint.

58. Defendants deny paragraph 58 because it is not true.

59. Defendants deny paragraph 59 because it is not true.

60. Defendants deny paragraph 60 because it is not true.

## SECOND CLAIM FOR RELIEF

61. Defendants incorporate, by this reference, their responses to paragraphs 1 through 60 of Plaintiff's First Amended Complaint.

62. Defendants deny paragraph 62 because it is not true.

63. Defendants deny paragraph 63 because it is not true.

## THIRD CLAIM FOR RELIEF

64. Defendants incorporate, by this reference, their responses to paragraphs 1 through 63 of Plaintiff's First Amended Complaint.

65. Defendants deny paragraph 65 because it is not true.

66. Defendants deny paragraph 66 because it is not true.

## FOURTH CLAIM FOR RELIEF

67. Defendants incorporate, by this reference, their responses to paragraphs 1 through 66 of Plaintiff's First Amended Complaint.

68. Defendants deny paragraph 68 because it is not true.

69. Defendants deny paragraph 69 because it is not true.

## FIFTH CLAIM FOR RELIEF

70. Defendants incorporate, by this reference, their responses to paragraphs 1 through 69 of Plaintiff's First Amended Complaint.

71. Defendants deny paragraph 71 because it is not true.

72. Defendants deny paragraph 72 because it is not true.

6188535.1 22111/131087

73. Defendants deny paragraph 73 because it is not true.

## SIXTH CLAIM FOR RELIEF

74. Defendants incorporate, by this reference, their responses to paragraphs 1 through 73 of Plaintiff's First Amended Complaint.

75. Defendants deny paragraph 75 because it is not true.

76. Defendants deny paragraph 76 because it is not true.

77. Defendants deny paragraph 77 because it is not true.

## SEVENTH CLAIM FOR RELIEF

78. Defendants incorporate, by this reference, their responses to paragraphs 1 through 77 of Plaintiff's Complaint.

79. Defendants deny paragraph 79 because it is not true.

80. Defendants deny paragraph 80 because it is not true.

## EIGHTH CLAIM FOR RELIEF

81. Defendants incorporate, by this reference, their responses to paragraphs 1 through 80 of Plaintiff's Complaint.

82. Defendants deny paragraph 81 because it is not true.

83. Defendants deny paragraph 82 because it is not true.

## NINTH CLAIM FOR RELIEF

84. Defendants incorporate, by this reference, their responses to paragraphs 1 through 83 of Plaintiff's Complaint.

10

85. Defendants acknowledge their duty to comply with Michigan law, including the Elliot-Larsen Civil Rights Act. Defendants lack sufficient information to either admit or deny the remaining allegations in paragraph 85 and leave Plaintiff to his proofs.

86. Defendants deny paragraph 86 because it is not true.

87. Defendants deny paragraph 87 because it is not true.

88. Defendants deny paragraph 88 because it is not true.

89. Defendants deny paragraph 89 because it is not true.

90. Defendants deny paragraph 90 because it is not true.

91. Defendants deny paragraph 91 because it is not true.

92. Defendants deny paragraph 92 because it is not true.

**RELIEF REQUESTED**

THEREFORE, Defendants respectfully ask this Honorable Court to dismiss Plaintiff's entire First Amended Complaint with prejudice. Defendants also ask this Court to award them the reasonable attorneys fees and costs incurred responding to Plaintiff's meritless allegations.

Dated: December 14, 2009

/s/ Robert A. Lusk
CLARK HILL PLC
Attorney for Defendants
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
Phone: (248) 988-5847
E-mail: rlusk@clarkhill.com
Michigan Bar Number: P38122

6188535.1 22111/131087

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD MARSZALEK,

    Plaintiff,

v

IMAD FADLALLAH, individually
and in his official capacity as Principal of
Dearborn Fordson High School, and
DEARBORN PUBLIC SCHOOLS,

    Defendants.

Case No. 09-12955
Hon. David M. Lawson

---

HOWARD E. GURWIN (P25179)
HOWARD E. GURWIN, P.C.
Attorney for Plaintiff
645 Griswold Street
Suite 3080 Penobscot Building
Detroit, Michigan 48226
(313) 963-2727

LOUIS GALINSKY (P24067)
Co-Counsel for Plaintiff
Rosenbaum, Bloom, Meyerson
  & Galinsky, P.C.
645 Griswold Street
Suite 3080 Penobscot Building
Detroit, Michigan 48226
(313) 961-1003

CLARK HILL PLC
By:    Robert A. Lusk (P38122)
Attorney for Defendants
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009
(248) 988-5847

---

## AFFIRMATIVE DEFENSES

    Defendants, IMAD FADLALLAH and DEARBORN PUBLIC SCHOOLS, file these Affirmative Defenses.

    1.    Plaintiff's First Amended Complaint should be dismissed because it fails to state a claim upon which relief may be granted.

2. Plaintiff's First Amended Complaint should be dismissed because he has failed to initiate or exhaust available contractual remedies.

3. Plaintiff's First Amended Complaint should be dismissed because he has failed to initiate or exhaust available administrative remedies.

4. Plaintiff's First Amended Complaint should be dismissed to the extent it is barred by the wrongful acts doctrine.

5. Plaintiff's First Amended Complaint should be dismissed to the extent it is barred by the doctrine of unclean hands.

6. Plaintiff's First Amended Complaint should be dismissed to the extent it is barred by the doctrines of absolute and qualified immunity.

7. Plaintiff's First Amended Complaint should be dismissed to the extent it is barred by the First Amendment of the Constitution of the United States and its counterpart in the Constitution of the State of Michigan.

8. Plaintiff's First Amended Complaint should be dismissed, as to Defendant Imad Fadlallah, because he is not a "person" within the meaning of 42 USC 1983.

9. Defendants reserve their right to amend these Affirmative Defenses at any time for any reason permitted by law.

THEREFORE, Defendants respectfully ask this Honorable Court to dismiss Plaintiff's entire First Amended Complaint with prejudice. Defendants further ask this Court to award them the actual attorneys fees and costs incurred responding to Plaintiff's meritless allegations.

|  |  |
|---|---|
| Dated:  December 14, 2009 | /s/ Robert A. Lusk<br>CLARK HILL PLC<br>Attorney for Defendants<br>151 S. Old Woodward, Suite 200<br>Birmingham, Michigan  48009<br>Phone:  (248) 988-5847<br>E-mail:  rlusk@clarkhill.com<br>Michigan Bar Number:  P38122 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2009, my assistant, Katherine Abrignani, electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following:  Howard E. Gurwin, Howard E. Gurwin, P.C., 645 Griswold Street, Suite 3080 Penobscot Building, Detroit, Michigan 48226; Louis Galinsky, Rosenbaum, Bloom, Meyerson & Galinsky, P.C., 645 Griswold Street, Suite 3080 Penobscot Building, Detroit, Michigan  48226.

|  |  |
|---|---|
| Dated:  December 14, 2009 | /s/ Robert A. Lusk<br>CLARK HILL PLC<br>Attorney for Defendants<br>151 S. Old Woodward, Suite 200<br>Birmingham, Michigan  48009<br>Phone:  (248) 988-5847<br>E-mail:  rlusk@clarkhill.com<br>Michigan Bar Number:  P38122 |

6188676.1 22111/131087